VAUGHAN *v.* HUMPHREYS.

Opinion delivered April 10, 1922.

1. INSURANCE—ATTORNEY'S FEE AS PART OF RECOVERY.—The attorney's fee, which the statute permits to be recovered from an insurance company upon its failure to pay the loss after demand made, is a penalty given to reimburse the policy holder for expenses incurred in enforcing the contract of indebtedness, and is taxed as costs in the case, and therefore is part of the recovery against the insurance company.

2. ATTORNEY AND CLIENT—PERCENTAGE OF RECOVERY.—Where an attorney's contract gave him certain percentage of the recovery in a certain action against an insurance company, and the client recovered from the company, in addition to the amount of the policy, a sum for an attorney's fee, the attorney is entitled, not to the entire fee so recovered, but only to the stated percentage of the attorney's fee in addition to his percentage on the balance of the recovery.

3. ATTORNEY AND CLIENT—RIGHT TO COSTS AND EXTRA ALLOWANCE.—As between an attorney and his client, as well as between the client and third persons, a judgment of costs, whether consisting only of those items taxable as of course, or of an extra allowance as well, belongs to the client.

Appeal from Prairie Circuit Court, Northern District; *George W. Clarke,* Judge; affirmed.

*Brundidge & Neelly* and *Emmet Vaughan,* for appellant.

*Mann & Mann,* for appellees.

HART, J. This appeal involves the construction of a contract for compensation between an attorney and his client.

Appellant entered into a contract in writing with appellees to bring suit on a life insurance policy in the sum of $5,000, and the clause of the contract providing for the compensation of the attorney is as follows:

"The parties of the second part (appellees) hereby agree to pay the parties of the first part (appellant) as compensation for legal services, in the event they recover of the Kansas City Life Insurance Company for said policy, the sum of forty per cent. of recovery, the said parties of the first part accepting a fee contingent upon recovery, and agree to pay or advance all costs of the suit that may become necessary to be paid, and the parties of the first part agree that no liability shall attach either to the guardian or to Maggie Ridout on any account whatever."

Suit was brought against the insurance company, and judgment was rendered in favor of appellees in the sum of $5,000 and the accrued interest. The attorney's fees were fixed by the court at $500. The circuit court allowed the attorney forty per cent. of the whole amount recovered by the plaintiffs in the suit against the insurance company. This included the face of the policy, interest, and the penalty and attorney's fees allowed under the statute.

It was the contention of the attorney that he was entitled to the whole of the attorney's fees allowed in the suit against the insurance company and forty per cent. of the other items. The attorney had collected the judgment against the insurance company and had retained the amount to which he deemed he was entitled under the contract.

From the judgment rendered against him in favor of appellees, appellant has duly prosecuted an appeal to this court.

Our statute provides that, upon the failure of the insurance company to pay the loss after demand made,

such company shall be liable to pay to the holder of the policy, in addition to the amount of loss, twelve per cent. damages, together with all reasonable attorney's fees for the prosecution and collection of said loss.

The attorney's fee is a penalty given to reimburse the policy-holder for expenses incurred in enforcing the contract of indebtedness, and is taxed as costs in the case. *Arkansas Ins. Co.* v. *McManus,* 86 Ark. 115, and *Mutual Life Ins. Co.* v. *Owen,* 111 Ark. 554. Hence the attorney's fee is part of the recovery of the policy-holder against the insurance company.

The legal meaning of "recovery" is the obtaining of a thing by the judgment of a court, as the result of an action brought for that purpose. The contract under consideration provides that the attorney shall have "forty per cent. of recovery." This means forty per cent. of the amount recovered by the policy-holder, which, as we have seen, includes the amount of the attorney's fee allowed by the statute to the policy-holder. Under the statute, this is a much a part of the recovery of the policy holder as is the face of the policy and the penalty provided by the statute.

As between an attorney and his client, as well as between the client and third persons, a judgment for costs, whether the costs consist of those items taxable as of course or of an extra allowance as well, belongs to the client. *McIlvane* v. *Steinson,* 85 N. Y. Sup. 889.

It follows that the judgment must be affirmed.