ÆTNA LIFE INSURANCE COMPANY *v.* SPENCER.

Opinion delivered October 27, 1930.

497

498

500

*Hill, Fitzhugh & Brizzolara* and *Owens & Ehrman,* for appellant.

*Partain & Agee,* for appellee.

HART, C. J., (after stating the facts). Evidence was introduced by appellant tending to show that appellee was not totally disabled and also that his disability was not permanent; but, inasmuch as the verdict of the jury must be tested by the evidence in the light most favorable to appellee, we need not abstract the testimony for appellant. Under our settled rules of practice, if there is any evidence of a substantive character to support a verdict, it cannot be disturbed upon appeal.

Contracts of insurance should receive a reasonable construction so as to effectuate the purposes for which they are made. In cases where the language used is ambiguous, it should be construed in favor of the insured because the policy is written on forms prepared by the insurer. Of course, legal effect should be given to all the language used, and the object to be accomplished by the contract should be considered in interpreting it.

The disability clause has been copied in our statement of facts and need not be repeated here. Total disability is generally regarded as a relative matter which depends largely upon the occupation and employment in which the party insured is engaged. This court has held that provisions in insurance policies for indemnity in

case the insured is totally disabled from prosecuting his business do not require that he shall be absolutely helpless, but such a disability is meant which renders him unable to perform all the substantial and material acts of his business or the execution of them in the usual and customary way. *Industrial Mutual Indemnity Co.* v. *Hawkins*, 94 Ark. 417, 127 S. W. 457, 29 L. R. A. (N. S.) 635, 21 Ann. Cas. 1029; *Brotherhood of Locomotive Firemen & Enginemen* v. *Aday*, 97 Ark. 425, 134 S. W. 928; and *Ætna Life Ins. Co.* v. *Phifer*, 160 Ark. 98, 254 S. W. 335.

Thus it will be seen that our court makes no distinction between accident policies and life insurance policies containing total disability clauses. The construction placed upon policies of this sort follows the general trend of authority in the United States. Case Notes to 41 A. L. R. at 1376; 37 A. L. R. at 151; 24 A. L. R. at 203; and 7 Ann. Cas., page 815.

It only remains to apply the principles to the facts of the present case. While, as above stated, the evidence was conflicting, still the evidence introduced on the part of the appellee warranted the jury in finding that he was totally and permanently disabled within the meaning of the terms of the policy under consideration. The object to be accomplished was to indemnify the insured for loss of time for being wholly disabled from prosecuting his business. It has been well said that, if the language used was to be construed literally, the insurer would be liable in no case unless the insured should lose his life or his mind. Of course, as long as he is in possession of his mental faculties, he is capable of transacting some part of his business; but, as we have already seen, he was not able to prosecute his business within the meaning of the policy unless he was able to do all the substantial acts necessary to be done in its prosecution. The very purpose of obtaining the policy was to indemnify him in case he should become disabled, so that he could not carry on his business. In the present case, the premiums were

paid and the policy kept up by the insured according to its terms until his disability occurred.

It is fairly inferable from the evidence introduced in favor of appellee that he was no longer able to carry on his business after about the first of August, 1928. His condition at that time became so that he could not attend to any of the duties of his business except to advise about the sales and purchases of produce. Before that time he was able to go about the streets and purchase produce from the various wagons where he might find them. After his disability he could only purchase produce from wagons which came to his place of business. Even then he could not handle the produce and examine it with his hands. He could only walk with great difficulty and suffered constant pain. His right hand was numb, and he could no longer assist in keeping his books or in helping to sort out vegetables or in loading and unloading produce. In order to conduct his business successfully, it was necessary that he should do all these things. His business was such that he could not profitably conduct it by merely supervising it and hiring others to perform the work. His disability necessitated him to take his two sons in partnership with him in order to successfully carry on the business. His loss in this respect was the very object of taking out the insurance. Hence, when the character of the business, together with the attendant circumstances, is considered, we are of the opinion that reasonable minds might reach the conclusion that the insured was totally and permanently disabled within the meaning of the policy as above defined, and that the jury was warranted in finding a verdict in his favor.

After the judgment was rendered, a motion was filed on behalf of appellee for the allowance of attorney's fees against appellant to be included as part of the costs. Under our statute, a reasonable attorney's fee for the prosecution of the case may be allowed; and, inasmuch as this pertains to the remedy, it is taxed as part of the

costs. *Vaughan* v. *Humphreys,* 153 Ark. 140, 239 S. W. 730, 22 A. L. R. 1201.

The amount of the judgment rendered in this case was $2,550, and the court allowed the sum of $500 as attorney's fee. The record of the case is before us; and, without in any manner disparaging the ability and services of the attorneys for appellee, it seems to us that the fee allowed is somewhat excessive and should be reduced to $400. *Merchants' Fire Ins. Co.* v. *McAdams,* 88 Ark. 550, 115 S. W. 175; *Mutual Life Ins. Co.* v. *Owen,* 111 Ark. 554, 164 S. W. 720; *Maryland Casualty Co.* v. *Maloney,* 119 Ark. 343, 178 S. W. 387, L. R. A. 1916A, 519; *Ætna Life Ins. Co.* v. *Taylor,* 128 Ark. 155, 193 S. W. 540, Ann. Cas. 1918B, 1122; *Metropolitan Ins. Co.* v. *Chambers,* 136 Ark. 84, 206 S. W. 64; *Indiana Lumberman's Mutual Life Ins. Co.* v. *Meyers Stave & Mfg. Co.,* 158 Ark. 199, 250 S. W. 18; *Camden Fire Assn.* v. *Meloy,* 174 Ark. 84, 294 S. W. 378; and *St. Paul Fire & Marine Ins. Co.* v. *Green,* 181 Ark. 1096, 29 S. W. (2d) 304.

Therefore the judgment recovered by appellee for the amount of the policy sued on will be affirmed, and the attorney's fee will be reduced to $400.