Union Central Life Insurance Co. *v.* Mendenhall.

Opinion delivered January 26, 1931.

28

30

*Hunter & Hunter* and *D. K. Hawthorne,* for appellant.

*Oliver & Oliver* and *E. L. Holloway,* for appellee.

BUTLER, J., (after stating the facts). ■ The original premium card was the best evidence, and there was no proper foundation laid for the introduction of a copy. It had no entries relating to any other policy or to any other business transaction; it was not affixed to any other record, but was a separate card which could be easily taken from the appellant's files and conveniently brought into the court, and no reason is given why this was not done. The court correctly held the photostatic copy inadmissible. That it was a photograph and less liable to imperfectly depict the original than a copy transcribed ordinarily would, does not alter the general rule. 10 R. C. L., p. 910, § 65. One of the copies offered in evidence was of a letter written from the office of the general agent for Arkansas at Little Rock to the assured and appellee bank, mailed to the latter and explaining the check for $10.52 inclosed. This letter advised that the policy had been canceled for failure to pay the premium due April 20, 1928, and that under the terms of the policy the earned dividend at the time of the cancellation was to be paid in cash to the assured, and, if the addressees did not want to continue the policy, to indorse and collect the check. The fact that the check was later indorsed by, and its proceeds paid to, the drawees made this letter highly important, but the copy was not identified. The witness only knew that a paper was in the files of appellant company in Cincinnati which purported to be a copy of a letter written by the State agent to the assured and the appellee bank; that agent was in Little Rock and there was no reason given why he had not been called upon to identify it. Also, there was no proof offered that the adversary party had been called upon to produce the original and had refused or failed to do so, or that the copy offered was a ''carbon copy'' of the original.

Another copy offered was of a letter written by appellant company's secretary, addressed to the assured at Rose Hill, Illinois, advising of the cancellation of the policy. Copies of other letters material to the defense of the appellant were offered and refused. All of these

as to identification and notice to the adversary for production are on the same footing as that first discussed. Therefore, the court properly refused to permit their introduction as identification and notice for the production of the originals was necessary to authorize the introduction of the copies. *Jones* v. *Robinson,* 11 Ark. 504; *Heard* v. *Farmers Bank,* 174 Ark. 194, 295 S. W. 38.

■ There were, however, two original documents taken from the files of the company and offered in evidence which were relevant to the issue and which were properly identified: the receipt for the premium of April 20, 1928, sent to the State agent for delivery to the assured on payment of the premium which was returned with the advice that the premium had not been paid, and the check for the dividend due on April 20, 1928, payable to the assured upon cancellation of the policy. These were competent and admissible under the showing made.

The witness Emerson testified that he had no supervision of the collection of premiums, but that the duty of issuing the receipts appertained to the department over which he had supervision, and that he supervised the entries relating to the cancellation of policies; that the receipt was issued and sent to the mailing room by his direction, and he had knowledge of its return. He likewise testified that the dividend check was issued by his direction, and that he was able to identify both the returned receipt and the paid check. This evidence was admitted by the court, but at the close of the testimony, after submitting the issue to the jury, the court on its own motion gave instruction No. 3. It will be noted that this instruction did not point out any particular testimony relating to the records of the company which the jury was told was incompetent, nor by any saving clause exclude any of Emerson's testimony from its inhibition, but in broad terms told the jury that ''the testimony you have heard about the records of the company from their agent is excluded from your consideration because it is incompetent, and you owe it to the litigants to this lawsuit not to consider that testimony. You ought to treat

it as if you had never heard it." This sweeping declaration, whether intended or not to include the original receipt and canceled check and the testimony of the witness relating to them, might, and perhaps did, have that meaning to the jury. This was error and prejudicial to the rights of appellant.

■ Counsel for the appellant earnestly insist that the verdict of the jury is unsupported by any substantial evidence, and urge that the court erred in not directing a verdict in its favor and ask for a dismissal of the case here. In support of its contention, it points out certain circumstances in connection with the testimony of the witnesses for appellee, which it insists makes that testimony run counter to human experience and common observation, and in the very nature of things that it cannot be true. As this case must be reversed for the error above indicated, we deem it unnecessary to allude to the circumstances which it is claimed refute and make incredible appellee's testimony, or to comment upon the weight and sufficiency of the evidence considered in connection with attendant proved facts, as there may be additional evidence adduced by both the litigants in another trial.

■ The court erred in fixing the amount of attorney's fee without a hearing given on the motion for same and without hearing evidence tending to establish the proper amount. The judgment in its entirety would not have been reversed for this error alone, but only as to the attorney's fee.

For the error of the court below in its charge to the jury, the judgment is reversed, and the cause remanded for a new trial.

KIRBY, J., dissents.