JOHNSTON *v.* AMERICAN INSURANCE COMPANY.

4-3499

Opinion delivered September 24, 1934.

*Walter L. Pope,* for appellants.
*Dudley & Barrett,* for appellee.

HUMPHREYS, J. This is an appeal from a decree for $522.48 rendered in the chancery court of Randolph County against appellants on a simple account comprising debits alone, some fifty-two in number, for the commissions on unearned premiums on fire insurance policies written by appellant Ben Johnston for appellee on farm property and which policies were cancelled by appellee when it decided to withdraw its farm department from the State of Arkansas on May 15, 1931.

The complaint filed by appellee alleged, in substance, that appellant Ben Johnston entered into a contract with it in 1921 to write fire insurance policies for it on farm property in Arkansas and to refund his commissions on unearned premiums in case it should cancel any of the policies; that it canceled all of the policies in force on farm property in Arkansas on May 15, 1931; that a bond was executed by appellant Ben Johnston and his co-appellants conditioned that he would refund all the commissions he had received on unearned premiums resulting from the cancellations of said policies; that the bond was for $1,000, which fully covered the commissions he was to refund, and that appellant Ben

Johnston had failed and refused to return his commissions on the unearned premiums which were collected.

The complaint also contained the following allegation:

"By reason of the number of transactions, the large number of the policies involved, and the course of dealing over a period of years, it will require an accounting to determine the exact amount of the indebtedness due and owing plaintiff (appellee). Plaintiff (appellee) has no plain and adequate remedy at law, and this suit is brought in equity for the purpose of stating an account between the parties."

Appellants filed a motion to transfer the cause to the circuit court, in form as follows:

"Defendants (appellants) state that under the allegations of the complaint plaintiff (appellee) has stated a cause of action at law and not one in equity, and that, if plaintiff (appellee) is entitled to recover at all, it should be in an action at law, and the defendants (appellants) move the court that the cause of action alleged in the complaint be transferred to the circuit court."

The motion was overruled, over the objection and exception of appellants; whereupon appellants filed an answer denying each and every allegation in the complaint and incorporated therein a motion to transfer the cause to the circuit court. The motion was again overruled, over the objection and exception of appellants.

The trial court then appointed a master, over the objection and exception of appellants, to state an account between the parties, who filed a report in accordance with the account attached to the deposition of one of appellee's witnesses. The account contained debits but no credits and was simple and could easily have been understood by a jury. There were no complications in it whatever.

Appellants contend for a reversal of the judgment because the chancery court had no jurisdiction over the cause of action, insisting that they were entitled to a trial by jury in a court of law. In this contention they are correct. The general rule as stated in 1 R. C. L., 223, is that "equity will not take jurisdiction in matters of

account which are not complicated where there is no other ground for equitable jurisdiction.''

This court, following the general rule thus announced, has said, in substance, in the cases of *Trapnall* v. *Hill*, 31 Ark. 345, and *Dennis* v. *Tomlinson*, 49 Ark. 568, 6 S. W. 11, that, before a court of equity will take jurisdiction of an action on an account, it must be mutual, it must be a running account, and involve complications. The complaint must show that the account is mutual, and it must allege facts which clearly show that the account is complicated.

On account of the error indicated, the decree is reversed, and the cause is remanded with directions to sustain appellants' motion to transfer the cause to the circuit court.