NORTH RIVER INSURANCE COMPANY OF NEW YORK
*v.* THOMPSON.

4-3822

Opinion delivered April 15, 1935.

844

Majors, Robinson & Boyers, for appellant.
Scott & Goodier, for appellees.

MEHAFFY, J. The appellee, Lovara Thompson, owned a one-story frame dwelling in Dardanelle, Arkansas. She had procured insurance for several years through R. T. Boyce. Mr. Boyce had been in the insurance business for a number of years, and he also represented the Tri-State Savings & Loan Association, and he had secured a loan for Mrs. Thompson from the Tri-State Savings & Loan Association, and she executed a mortgage to secure the loan. Boyce, when he wrote the policy, delivered it to the mortgagee. Boyce continued to write insurance for her until July, 1931, at which time he and Fred C. Burnett formed a partnership, and thereafter the partnership represented the insurance companies and wrote policies for Mrs. Thompson on her property in Dardanelle.

On March 16, 1933, the partnership of Boyce & Burnett was dissolved. The fire insurance company covering appellee's property at that time withdrew from the State, and Burnett & Son, who had formed a partnership, and who at that time represented the appellant, wrote appellee a policy for $750 in appellant company.

The policy issued prior to the one sued on was issued in January, but when that company withdrew from the State the agents canceled that policy and issued the one sued on.

Mrs. Thompson, who was in California at that time, wrote to Boyce on January 5, 1933, inclosing them money order for $15.40. She understood that her policy expired some time in January. At the time she wrote and inclosed the money order, the partnership of Boyce & Bur-

nett was still in existence, and it received the money and kept it. Boyce wrote her a letter and told her that they had changed her policy, and the premium was not due until July, and asked if he should return her money. This letter was not written to her for 30 or 60 days after they had received the money. She wrote him to keep the money and pay the premium, which he did.

On October 6, 1933, the property insured was destroyed by fire. While the partnership of Boyce & Burnett received and retained the $15.40 to pay the premium, Burnett did not personally know anything about it, but he testified himself that whoever attended to any particular business put it on the books, and that this was attended to by Boyce.

On July 9, 1933, Burnett, without ever communicating with appellee or without any authority whatever, canceled the policy for $750, and wrote a policy for $300 and delivered it to the Tri-State Savings & Loan Association. Burnett's explanation is that he did not personally know about the premium having been paid, and sent a statement to the father of the appellee, and then went to the Tri-State Savings & Loan Association, the mortgagee, and asked it to pay the premium, and it declined to pay the premium on the $750 policy, but proposed to pay on a policy for $300, evidently the amount of its mortgage. The appellee, Mrs. Thompson, knew nothing about the cancellation of the policy or the issuing of the $300 policy, and when that policy was presented to her she declined to accept it.

The above facts are undisputed. At the close of the testimony each party requested a directed verdict, and the court directed a verdict in favor of the plaintiff for $750 and judgment was entered accordingly. Motion for new trial was filed and overruled, and the case is here on appeal.

Appellant's first contention is that the court erred in refusing to require the appellee to give bond for costs. Appellant had filed motion to require bond for costs. The record does not show that this motion for bond for costs was ever called to the attention of the court or that it was ever ruled on. The motion itself shows that it was filed

in open court, but it does not show that there was any request to rule on it, or that the trial court passed on the question. A question not passed on by the trial court presents no question for decision in this court. *Louisiana N. W. R. Co.* v. *McMorella,* 170 Ark. 921, 282 S. W. 6; *Kiernan* v. *Blackwell,* 27 Ark. 235; *Hobart-Lee Tire Co.* v. *Keck,* 89 Ark. 122, 116 S. W. 183; *Harbottle* v. *Central Coal & Coke Co.,* 134 Ark. 254, 203 S. W. 1044; *Baker* v. *Martin,* 95 Ark. 62, 128 S. W. 579; *Jones* v. *Kelly Trust Co.,* 179 Ark. 857, 18 S. W. (2d) 356.

The appellee testified that she had been in California for about three years, but that her home was in Dardanelle. She was therefore not a nonresident.

It is next contended by the appellant that the court erred in refusing to give instructions requested by it. The court correctly directed a verdict for the appellee. The undisputed evidence shows that the agents received appellee's money, issued the policy sued on, and, without any authority from appellee, canceled the policy, did not notify her, and did not return her money, but kept it.

Appellant calls attention to the case of *Firemen's Ins. Co.* v. *Simmons,* 180 Ark. 500, 22 S. W. (2d) 45, to support its contention that the agent had a right to accept notice of cancellation. There is no evidence in this record that tends to show that Burnett ever had any authority to cancel the policy, and in no event did he have authority to cancel the policy and issue one for $300 and keep the money of appellee, as he did. But appellant also argues that the Tri-State Savings & Loan Association was the agent of appellee, and that it authorized the cancellation of the $750 policy and the issuing of the $300 policy. There is no evidence in the record indicating that the Tri-State Savings & Loan Association was the agent of appellee or had any authority to represent her or act for her. It doubtless kept the policy, as mortgagees frequently do, because its debt was protected by the policy.

It is contended also that the court erred in allowing $100 attorney's fees. The trial court had the whole matter before him, knew what services were rendered, and we cannot say that the amount is excessive.

We find no error, and the judgment is affirmed.