Pacific Mutual Life Insurance Company v. Jordan.

4-3855

Opinion delivered May 6, 1935.

942

*Owens & Ehrman* and *John M. Lofton, Jr.,* for appellant.

*Guy E. Williams* and *Oscar E. Williams,* for appellee.

JOHNSON, C. J. Appellee instituted this suit against appellant to recover certain monthly benefits under a contract of disability insurance in which appellee was indemnified against total and permanent disability prior to attaining sixty years of age. The execution of the contract and payment of all premiums thereon are expressly admitted. Appellee, in his complaint, alleged that on January 15, 1927, he suffered total and permanent disability, and within 120 days thereafter gave to the insurer due notice thereof and filed proof of disability, but that appellant refused to pay the monthly indemnity provided in said contract.

By answer appellant denied that appellee had effected proof of disability within 120 days after the receipt thereof, and affirmatively pleaded the five-year limitation in bar of appellee's alleged cause of action. The pertinent provisions of the policy are as follows:

"Permanent Total Disability.

"Should the insured become permanently disabled before attaining the age of sixty years, and while this policy is in full force and effect, and no premium is in default, the company agrees, without prejudice to any other benefits, to waive the payment of all premiums thereafter becoming due and to pay to the insured a monthly income as long as the insured shall live; all as provided on the succeeding pages of this policy."

"Permanent Total Disability Benefit.

"Should the insured, before attaining the age of sixty years, become permanently totally disabled, as hereinafter defined, while this policy is in full force and effect, and no premium is in default, the company agrees to waive the payment of all premiums thereafter becoming due under the conditions of the policy, and to pay to the insured a monthly income of ten dollars for each thousand dollars of the face amount of this policy. Such waiver of premium payment shall become operative, and the first of such monthly income payments shall be made, immediately on receipt by the company of due proof of such disability, and subsequent monthly income payments shall be made on the first day of each month thereafter as long as the insured shall live; provided, however, as follows:

"That, immediately after the commencement of the permanent total disability, full particulars shall be given in writing to the company at its home office, together with the then address of the insured; and that, within one hundred and twenty days after the commencement of such disability, there shall be given the company at its home office due proof thereof; and that, annually thereafter, due proof of the continuance of such disability shall be given, if required by the company.

"That any medical adviser of the company shall be allowed to examine the person of the insured in respect to any alleged permanent total disability, in the manner and at such times as the medical adviser may require.

"That no suit on account of alleged permanent total disability shall be maintainable if commenced before the

**944**

expiration of six months from the date of the alleged beginning of such disability.

"That no claim on account of permanent total disability shall be valid if there is a failure to comply with any of the foregoing provisions.

"That 'permanent total disability,' as used herein, shall be construed to mean that there is neither then or will be at any time thereafter any work, occupation or profession that the insured can ever sufficiently do or follow to earn or obtain wages, compensation or profit excluding from its coverage any disability resulting directly or indirectly, in whole or in part, from any form of insanity or from disease complicated with insanity."

The testimony adduced upon the trial tended to show that on September 16, 1926, while appellee was endeavoring to crank a motor truck same back-fired, and the crank violently reversed and struck his hand and arm, thereby breaking and crushing the bones; that about four months later a small piece of bone came through the flesh and muscles of his arm and infection followed which rendered appellee totally and permanently disabled; that proof of disability was made by appellee in April, 1927, upon blanks furnished by the insurer, and liability was subsequently denied. It is tacitly conceded by appellant that the jury was warranted in finding that appellee was and is totally and permanently disabled; therefore the testimony on this issue need not be summarized.

The court, upon appellee's request, instructed the jury:

"Instruction No. 1. It is admitted in this case that the policy sued on herein was in full force and effect at the time plaintiff claims his total and permanent disability began. If you find from the preponderance of the evidence that plaintiff was totally and permanently disabled under the terms of the policy, and is now permanently and totally disabled, and that he notified the defendant insurance company that he was so totally disabled in April, 1927, and made the proof of said injury on blank furnished by said defendant company, and notified them again in July, 1933, and made further proof of said alleged disability, and that defendant refused to pay

said plaintiff, and this suit was filed on the 30th day of April, 1934, then your verdict should be for the plaintiff for the sum of $20 per month from May 1, 1929, to date, if you find that he was totally and permanently disabled at that time, with interest on each payment at the rate of 6 per cent. per annum.'' And complaint is urged upon this instruction.

Upon appellant's request the court directed the jury as follows:

"Instruction No. 4. Under the terms of the policy here sued on, proof of total and permanent disability must be furnished to the defendant at its home office within one hundred and twenty days after the commencement of said total and permanent disability. If you should find from the evidence that the plaintiff failed to furnish proof to the defendant within said one hundred and twenty days, then your verdict must be for the defendant.''

And the court upon its motion told the jury:

"Gentlemen of the jury, instructions numbers one and two, which I have just read, simply mean this: If you find he was permanently and totally disabled five years prior to the filing of this lawsuit, then he is entitled to recover the sum of $20 per month, and interest thereon at the rate of six per cent. per annum, if you find those facts to be true; however, he could only recover three years' premiums paid at the rate of six per cent. per annum on each premiums so paid up to the date of filing of the lawsuit. It is for you to say, under the proof in this case, when he became totally and permanently disabled. You can find that it was two months, six months, twelve months, or five years when he became totally and permanently disabled.'' And complaint is made of this declaration.

The jury returned a verdict for appellee, and the trial court thereupon assessed a penalty of 12 per cent. of the total sum recovered, and an attorney's fee of $450 which is asserted to be excessive. This appeal seeks review.

Appellant's first contention is that under the rule announced in *Pacific Mutual Life Ins. Co.* v. *Butler, ante*

p. 282, the making of proof of disability by appellee within 120 days after receipt of total and permanent disability is a condition precedent to its liability, and that, since appellee's injury had its inception on September 16, 1926, or more than 120 days prior to the making of proof of disability, he can not recover. The Butler case cited is authority for the position that the making of proof of total and permanent disability within 120 days after receipt of such total and permanent disability is a condition precedent to appellant's liability, but it does not follow from this that appellee can not recover under the facts and circumstances of this case. Appellee alleged, and the testimony established, that he did not become totally and permanently disabled until January, 1927, when his previous injury became infected with gangrene. So testified the expert witnesses, and the jury gave full credit thereto. True it is that appellee's injuries had their inception on September 16, 1926, when his arm was broken by the sudden reversal of the crank of the motor truck, but the pertinent, decisive and important question under the contract of insurance was when appellee became totally and permanently disabled, and not when a remote contributing cause had its inception.

Next, it is urged by appellant that appellee's alleged cause of action was barred by the five-year statute of limitations. This suit is upon the contract of insurance for monthly indemnity and is not one for breach or renunciation. In the case of *Ætna Life Ins. Co.* v. *Langston*, 189 Ark. 1067, we stated the applicable rule as follows:

"The effect of the rule thus quoted is that, in policies of insurance similar to the one under consideration, and which provides a monthly indemnity to the insured for life in the event of total and permanent disability incurred during the effectiveness of the policy, suits may be instituted, prosecuted and maintained by the beneficiary at any time after receipt of such injury, but the aggregate recovery is limited to a five-year period immediately prior to the filing of such suit."

In application of the rule just stated, it follows that appellee was entitled to recover in this action for a period of five years immediately prior to the filing of his suit, and the trial court was correct in so deciding.

It is next urged that the trial court erred in giving to the jury appellee's requested instruction No. 1, which has been heretofore quoted. This contention is grounded upon the fact that the instruction does not tell the jury that they must find that appellee gave notice or filed proof of disability within 120 days after receipt of total and permanent disability. The instruction does condition appellee's right to recover, "that he notified the defendant insurance company that he was totally disabled in April, 1927, and made proof of said injury, etc."

True, the instruction does not say that proof of disability must be filed within 120 days after receipt of such disability, but it is impractical to define all phases of the case in one instruction. When appellee's right to recover was conditioned upon notice and proof of disability, and the court then gave another instruction defining proof of disability, and when the same must be effected, as it did in appellant's request No. 4, heretofore quoted, the rule and the reasons for it expressed in *Postal Telegraph & Cable Co.* v. *White*, 188 Ark. 361, 66 S. W. (2d) 642, and cases therein cited, have been fully satisfied.

Appellant next contends that the court erred in giving upon its own motion the instruction last quoted. Appellant has no right to complain of this instruction. It is more favorable to it than the law as hereinbefore stated. By repeated opinions of this court appellant can seek reversal only for prejudicial errors. See Crawford's Digest, title, Appeal and Error, § 373.

Lastly, appellant contends that the allowance of $450 for attorney's fees is excessive. Appellee recovered judgment for $1,550.40, which represented past-due installments, premiums erroneously paid and interest. The lawsuit also established total and permanent disability, which measures the future rights and liabilities of the parties under this contract or until conditions change. This may or may not aggregate a large sum of money, but at any rate it is a substantial right which should be

considered by the court in fixing the attorney's fees. See *Pacific Mutual Life Ins. Co.* v. *McCombs,* 188 Ark. 52, 64 S. W. (2d) 52; *Old Colony Life Ins. Co.* v. *Julian,* 175 · Ark. 359, 299 S. W. 366. Moreover, testimony was heard by the trial court in reference to the services rendered and the sum of money considered reasonable for the services rendered, and the court's award is fully sustained by this testimony. We are unwilling to disturb the trial court's finding on the record made.

It follows that the judgment must be affirmed.