UNIONAID LIFE INSURANCE COMPANY *v*. BANK OF DOVER.

4-4130

Opinion delivered February 3, 1936.

*Robert Bailey, E. M. Arnold* and *Duty & Duty,* for appellant.

*C. C. Wait,* for appellee.

JOHNSON, C. J. On October 23, 1912, the Mutual Aid Union of Rogers, Arkansas, a mutual assessment insurance association issued to John N. Stark a certificate of life insurance by the terms of which the life of the insured was indemnified upon a graduated basis for $1,000; the contract by its terms matured eighty months after date of issuance.

All assessments and dues were paid by the insured up to and until February 27, 1927, at which time the certificate lapsed because of nonpayment of the February, 1927, assessment. On March 11, 1927, the insured was reinstated upon the payment of the pastdue February assessment, and as a prerequisite thereto the insured executed the following certificate of good health:

"Health Certificate—To be Signed by the Member.
"Secretary, Mutual Aid Union, Rogers, Arkansas.

Rec'd Mar. 12, 1927.
"Dear Sir:

"I am in receipt of your advice that my certificate No. 457, Circle 12, has become delinquent for nonpayment of assessment.

"I hereby make application to have this certificate again put in good standing, and for that purpose can truthfully certify that I am in good health.

"I authorize you to attach this certificate to my application for membership, and agree that it shall become a part thereof and a warranty by me as to the statements concerning my physical condition.

"Signed, John M. Stark, Member."

It is the contention of appellant that this certificate of good health was false and fraudulent. The Mutual Aid Union passed out of existence in 1926, and appellant, a stipulated premium insurance company, assumed its obligations by a substituted contract. For collateral purposes the insured transferred and assigned his interest in the contract of insurance to appellee, Bank of Dover, some time prior to 1930. The insured died on January 31, 1933, and proof of death was duly effected

by the beneficiary or the assignee of the insured and liability was denied by appellant, whereupon this suit was instituted.

Upon trial before the court sitting as a jury, a judgment was entered in favor of appellee for the sum of $1,000, the sum provided for in the face of the certificate—attorney's fee and 12 per cent. penalty, from which this appeal comes.

Appellant's primary contention for reversal is that the insured misrepresented his condition of health in procuring his reinstatement of March 11, 1927, and that no liability exists against it for this reason. This contention is grounded upon an issue of fact and rests upon the testimony adduced at the trial. That in behalf of appellant tended to show that on March 11, 1927, the insured was suffering from an advanced case of tuberculosis, while that on behalf of appellee tended to show that on March 11, 1927, the insured appeared to be and was in reasonably good health, considering his advanced age. The testimony adduced by the parties upon this issue of fact was voluminous, and we have purposely refrained from discussing it in detail as it would serve no useful purpose. It must suffice to say that we have carefully considered all the testimony presented by respective parties, and all in all it presented a question of fact for trial court's determination, and we are not willing to say that his finding is not supported by substantial testimony.

Next appellant contends that the trial court erred in admitting in evidence the testimony of Dr. Hollabaugh, the insured's attending physician, prior to death and § 4149 of Crawford & Moses' Digest is cited as supporting this contention. Such is not the effect of the statute cited. Its effect is to keep confidential information imparted by a patient to his attending physician, acquired necessarily to the end that the physician may effectually administer treatment. This statute has never been invoked or applied save at the instance of the patient or his representative in law or estate, and we perceive that of necessity it is only for his protection and that of his representatives. Such has been our pre-

vious construction of this statute. *Mutual Life Insurance Co.* v. *Owen,* 111 Ark. 554, 164 S. W. 720; *Hogan* v. *Boatman Construction Co.,* 184 Ark. 842, 43 S. W. (2d) 721. Since appellant cannot invoke the protection of the statute cited this contention is without merit.

Appellant also urges that the court erred in allowing attorney's fee without first hearing testimony in reference to a reasonable charge. Appellant offered no testimony on this issue. This contention is not properly before us for consideration. Appellant's contention in reference to the attorney's fee in the trial court is specifically set forth in its motion for a new trial in the following language:

"The court erred in fixing the attorney's fee at two hundred and no/100 dollars ($200), or any other sum, and taxing same as costs against the defendant herein, to which action of the court the defendant at the time specifically objected and excepted."

This assignment of error does not raise the question now argued by appellant, that the court heard no proof, or, the *quantum* thereof as to a reasonable attorney's fee, but on the contrary raises the issue that no fee should be allowed. Under repeated opinions of this court attorney's fees are recoverable by the successful litigant in cases similar to this one. *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. (2d) 310; *Vaughan* v. *Humphreys,* 153 Ark. 140, 239 S. W. 730.

Lastly appellant contends that the trial court erred in refusing to transfer this action, upon its motion, to equity. This contention is grounded upon the theory of complicated accounts. No showing of necessity for an accounting is made by appellant when measured by the repeated opinions of this court. *Burke Construction Co.* v. *Board of Pav. Imp. Dist. No. 20,* 161 Ark. 433, 256 S. W. 850; *Johnston* v. *American Insurance Company,* 189 Ark. 594, 74 S. W. (2d) 636.

No error appearing, the judgment is affirmed.