GREAT AMERICAN INDEMNITY Co. *v.* STATE, EX REL. ARK.
BITUMULS Co.

5-1942                                           328 S. W. 2d 504
Opinion delivered November 9, 1959.

*Moses, McClellan, Arnold, Owen & McDermott,* By
*Jack Young,* for appellant.

*Mehaffy, Smith & Williams,* By *Pat Mehaffy* and
*Robert V. Light,* for appellee.

GEORGE ROSE SMITH, J.   In 1957 the State Highway
Commission awarded a paving contract to T. F. Scholes
of Arkansas, Inc., and the contractor executed a per-
formance bond with the appellant as surety thereon. Ark.
Stats. 1947, § 76-217.  The appellee, Arkansas Bitumuls
Company, furnished the contractor with asphalt to be
used upon the paving job.  The contractor failed to pay
the materialman's account, and the appellee brought this
action against the contractor and its surety to recover
a principal debt of $45,318.96.  The defendants at first
denied the claim, but three days before the date of trial
they amended their answer to admit liability for the full
amount sued for.   The surety, however, resisted the
plaintiff's right to recover the statutory 12% penalty
and attorney's fee.  Ark. Stats., § 66-514.  The trial

court allowed the penalty and an attorney's fee of $6,000, and this appeal questions those allowances.

The appellant's principal contention is that it was never in default, for the reason that it was not required to make any payment as surety on the performance bond until the Highway Commission had first certified that all sums owed to the State under the bond had been paid. Ark. Stats., § 76-217. It is conceded that the Highway Commission has not made the certification mentioned in the statute, but the appellee insists, and the trial court held, that this requirement was repealed by Ark. Stats., §§ 14-604 and 14-606. We have concluded that the trial court was correct, the issue being governed by our decision in *Consolidated Ind. and Ins. Co.* v. *Fischer Lime & Cement Co.*, 187 Ark. 131, 59 S. W. 2d 928.

The statute relied upon by the appellant was § 53 of Act 65 of 1929. The provisions relevant to this case were (*a*) that performance bonds should be required for highway construction contracts in excess of $1,000, (*b*) that payment of claims for labor or material under such a bond should be postponed until the Highway Commission had certified that all sums due the State had been paid, and (*c*) that all such claimants should, as a condition to bringing an action upon their demands, file their claims with the Highway Commission within thirty days after the completion of the work.

Later in the same session of the legislature there was passed Act 368 of 1929, upon which the appellee relies. This statute provided that all bonds required by public officers or agencies should be construed to cover certain specified items of labor and material, whether or not the language of the particular bond included the enumerated items. The act also provided that suits to enforce claims under such a bond should be commenced within six months from the date of the final estimate to the contractor.

In the *Fischer* case the claimants had not filed their claims with the Highway Commission in accordance with

what we have designated as provision (*c*) of the earlier statute. We examined the two acts in detail and found that several clauses in the later act were contrary to the provisions of the earlier act. It was our conclusion that Act 368 had impliedly repealed the requirement that claims be filed within thirty days after the completion of the work. ''The only condition upon the right to sue under act 368 is that the suit shall be commenced within six months from the date of final estimate to the contractor.''

We are unable to distinguish that case from this one. What we have set out as provision (*a*) of Act 65 is a substantive requirement that the performance bond be given. But provisions (*b*) and (*c*) are procedural clauses having to do with the claimants' remedy upon the bond. The *Fischer* case holds in effect that in enacting Act 368 the legislature covered the matter of procedure anew and laid down the limitation of six months as the only condition upon the claimants' right to sue. It follows that provision (*b*), with reference to the Highway Commission's certificate, was also impliedly repealed, for there is no sound basis for treating one of the procedural clauses differently from the other one.

The appellant also insists that the amount allowed as an attorney's fee is excessive. On this point one of the appellee's attorneys made a sworn statement about the services that had actually been rendered, but this statement has not been brought into the record. In testimony which the trial court regarded as advisory two disinterested attorneys stated that a reasonable fee would be from $7,500 to $8,750, while a third thought the amount should fall between $3,700 and $4,500. Owing to the fact that some of the proof is not before us the trial court was in a better position to fix a reasonable fee than we are, and we cannot say that his allowance is excessive. We do hold, however, that the appellee's request for an additional fee for services upon this appeal should be denied.

Affirmed.