## EQUITABLE LIFE ASSURANCE SOCIETY
## OF THE UNITED STATES *v.* Willie RUMMELL

74-129                                  514 S.W. 2d 224

Opinion delivered October 7, 1974

*Rose, Nash, Williamson, Carroll & Clay,* by: *Phillip Carroll,* for appellee.

*McMath, Leatherman & Woods, P.A.,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant challenges the reasonableness of a $10,000.00 allowance to Willie Rummel for attorney's fees under Ark. Stat. Ann. § 66-3238 (Repl. 1966). No evidence was presented on the matter. The allowance was made by the trial judge after considerable argument of counsel on the subject. No issue is raised as to the propriety of this procedure. But see, *Union Central Life Insurance Co. v. Mendenhall,* 183 Ark. 25, 34 S.W. 2d 1078. Cf. *Unionaid Life Insurance Co. v. Bank of Dover,* 192 Ark. 123, 90 S.W. 2d 982.

The fee allowance must be reasonable. Ark. Stat. Ann. § 66-3238. *Aetna Life Insurance Co. v. Taylor,* 128 Ark. 155, 193 S.W. 540. Trammel, *One State's Experience with the Statutory Remedy for Insurer's Delays - A Problem in Payment,* 10 Ark. L. Rev. 439, 462 (1956). Under the circumstances here, however, the judgment must be affirmed unless appellant demonstrates, or the record shows, that the allowance is excessive. *American Insurance Co. of Newark v. Dutton,* 183 Ark. 595, 37 S.W. 2d 875; *Union Life Insurance Co. v. Brewer,* 228 Ark. 600, 309 S.W. 2d 740.

The fee is allowed only to reimburse an insurance policyholder or beneficiary for expenses incurred in enforcing the contract and to compensate him in engaging counsel thoroughly competent to protect his interests. *John Hancock Mutual Life Insurance Co. v. Magers,* 199 Ark. 104, 132 S.W. 2d 841; *Vaughan v. Humphreys,* 153 Ark. 140, 239 S.W. 730, 22 A.L.R. 1201. It is not the property of the attorney, but is indemnity to the litigant. *John Hancock Mutual Life Insurance Co. v. Magers,* supra; *Vaughan v. Humphreys,* supra. The purpose of the statute is to permit an insured to obtain the services of a competent attorney and the amount of the allowance should be such that well prepared attorneys will not avoid this class of litigation or fail to devote sufficient time for thorough

preparation. *Old Republic Insurance Co.* v. *Alexander,* 245 Ark. 1029, 436 S.W. 2d 829. It is contemplated that the allowance should not be a speculative or contingent fee but that it be such a fee as would be reasonable for a litigant to pay his attorney for prosecuting such a case. *Old Republic Insurance Co.* v. *Alexander,* supra.

In *Old Republic* we enumerated as pertinent factors to be considered in a case such as this the time and amount of work required of the attorney, the ability to meet the issues that arise and the sum recovered or the amount involved in the action. Similar factors to be used as guides to determining reasonableness of a fee are set out in the Code of Professional Responsibility promulgated by the American Bar Association and adopted by this court. See DR 2-106 (B); EC 2-18. They are:

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

2. The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

3. The fee customarily charged in the locality for similar legal services.

4. The amount involved and the results obtained.

5. The time limitations imposed by the client or by the circumstances.

6. The nature and length of the professional relationship with the client.

7. The experience, reputation, and ability of the lawyer or lawyers performing the services.

8. Whether the fee is fixed or contingent.

Similar treatment of the problem is given by Prof. Ray Trammell in *One State's Experience with the Statutory Remedy for*

*Insurers - Delays - A Problem in Payment,* 10 Ark. L. Rev. 439 (1956).

There is no fixed formula or policy to be considered in arriving at such fees other than the rule that the appropriately broad discretion of the trial court in such matters must not be abused. *Federal Life Insurance Company* v. *Hase,* 193 Ark. 816, 102 S.W. 2d 841.

Usually we recognize the superior perspective of the trial judge in assessing the applicable factors, because of his intimate acquaintance with the record and the quality of service rendered. *Old Republic Insurance Co.* v. *Alexander,* supra; *Great American Indemnity Co. of New York* v. *State,* 231 Ark. 181, 328 S.W. 2d 504; *North River Insurance Co.* v. *Thompson,* 190 Ark. 843, 81 S.W. 2d 19. We have not hesitated, however, to reduce allowances we deem excessive because we cannot find adequate support for them when the entire record of the case is before us. *Aetna Life Insurance Co.* v. *Spencer,* 182 Ark. 496, 32 S.W. 2d 310; *Maryland Casualty Co.* v. *Maloney,* 119 Ark. 434, 178 S.W. 387, L.R.A. 1916A 519. See also, *Old American Life Insurance Co.* v. *Williams,* 241 Ark. 250, 407 S.W. 2d 110.

In this case, the circuit judge only had the pleadings in the case and the actual trial along with the recognized skill and ackowledged experience of appellee's attorney and that of his adversary as a basis for making this important determination. Without any disparagement of the ability and services of appellee's attorney or discounting the skill of his adversary, we do not think these elements afford adequate basis for the $10,000.00 figure fixed by the circuit judge. We, too, resort to inspection of the record in reviewing trial court actions in this regard. *Metropolitan Casualty Insurance Co.* v. *Chambers,* 136 Ark. 84, 206 S.W. 64.

The complaint consisted of only two pages which stated the case's rather simple issue, which was one of fact. It was whether or not appellee was entitled to benefits of $270.00 a month for total disability under a group policy issued by appellant, after they had been discontinued on the theory that Rummell was no longer permanently and totally disabled within the terms of the policy. The policy provision involved provided that the monthly payments continued after

two years of disability preventing the performance of the duties of the insured's own work, only if the disability prevented him from working in any reasonable occupation for which he was or might become fitted by education, training or experience. Thus, the only issue was whether appellee was prevented from working in any such occupation and it was resolved against appellant by the jury verdict.

Policy terms were stipulated. During the one-day trial the appellee presented the testimony of a rehabilitation counselor for the Department of Social Rehabilitation Services and the depositions of a diagnosing physician, in addition to his own. The only evidence offered by appellant was the expert opinion of an examining physician, given by deposition.

The only instructions given by the court were AMI, Civil, 102, 103 and 202, and one offered by appellee stating the effect of the pertinent policy provision.

Appellee seeks to justify the fee allowed upon the following bases: the fee was contingent in the sense that, had the judgment gone against him, his attorney would not have received any compensation; the amount involved in the litigation was $50,000; the fee allowed was a smaller percentage of the amount involved than in almost all of the numerous cases collected by appellant; considerable time and effort were expended in preparation for trial; and the circuit judge had evaluated the quality of his attorney's skill and experience as rising far above that of the ordinary lawyer.

Appellant correctly contends that the fee should not be contingent, i.e., contingent upon the outcome of the case. *Aetna Life Insurance Company* v. *Taylor*, 128 Ark. 155, 193 S.W. 540. *Mutual Life Insurance Co.* v. *Owen*, 111 Ark. 554, 164 S.W. 720; *Merchants Fire Insurance Co.* v. *McAdams*, 88 Ark. 550, 115 S.W. 175. This basis of support for the allowance thus falls.

It does not follow, however, that the amount involved is not an element to be considered, along with the difficulty of the issues. We can agree that the testimony abstracted and the 9-3 jury verdict are indicative of the exercise of a high degree of skill in factual presentation and persuasiveness on

the part of appellee's counsel. Some difficulty arises in arriving at the amount of recovery in terms of the ultimate impact of the verdict upon future benefits. No one contends that the jury verdict for $1,350.00, the monthly payments then accrued, is the amount to be considered for fee allowance purposes. Unquestionably, this factor encompasses the future benefits which are to be paid as a result of the judgment in this case. *Pacific Mutual Life Insurance Co. of California v. Jordan,* 190 Ark. 941, 82 S.W. 2d 250. However, measuring this amount does present problems. We do not feel justified in accepting appellee's estimate of $50,000.00 in benefits, based upon a total of $38,070.00 which would be paid by his 65th birthday on March 17, 1985 (when the impact of Social Security benefits would, under policy provisions and existing law, reduce the payments) and the indeterminate amount of benefits he might draw for the remainder of his life expectancy extending to 1994 under recognized mortality tables for normal adults. This estimate includes the penalty recovered and, at the same time ignores the present value of the future benefits and the testimony of appellant's medical witness that a diabetic, as appellant was, had a life expectancy less than normal. Even following appellee's assumption that his life expectancy is normal and that payments will continue after his 65th birthday at the rate of $100.00 a month, present value would not exceed $31,000.00 on the basis of a 6% interest rate. Not only does this figure fail to fully support appellee's estimates, we cannot say that any of our previous cases treated by the parties afford us a sufficient comparison to be controlling. We find nothing affording any satisfactory means by which the time and effort spent in preparation for trial can be measured with any degree of accuracy. We are unaware of resort to this important factor in the trial judge's award, as his only reference to any guideline was his consideration of the *responsibility* assumed by the attorney in accepting employment and preparation for trial. These factors alone do not, in our opinion, support the amount allowed. Still, we are unable to accept the vague suggestions of appellant as to the appropriate allowance. We certainly do not agree that a fee of $1,500.00 is adequate, even though we have to rely upon the trial judge's knowledge and experience, and our own, to arrive at any amount that will cover all essential factors and insure that thoroughly competent attorneys will neither avoid

such litigation nor fail to appropriately prepare for its trial. We cannot, in all due deference to the trial judge's evaluation and in the light of our own knowledge on the subject, approve a fee allowance in excess of $5,000.00. It is our usual practice to modify the judgment by reducing the amount allowed. *Mutual Life Insurance Co. of N.Y.* v. *Owen,* 111 Ark. 554, 164 S.W. 720. We accordingly modify the judgment by reducing the allowance to that amount and affirm the judgment as thus modified.

HARRIS, C.J., and BYRD and HOLT, JJ., dissent.

CARLETON HARRIS, Chief Justice, dissenting. I disagree with the disposition of this case by the majority. The taking of the depositions (of the two doctors, one for appellant and one for appellee), while allotted only three lines in the majority opinion, required considerable time; what is more important, the *preparation* for taking same, required considerably more time. While appellant seems to have viewed this litigation as more or less routine, I cannot accept that evaluation, and the fact that the jury returned a 9 to 3 verdict, to me, sufficiently belies such an assertion. Actually, this vote is rather convincing evidence that the case was indeed difficult and required skill, experience, and thorough preparation so — while the record does not reflect the actual amount of time expended in preparing for trial, the result is clearly indicative that appellee's attorney was well informed on all facets of the case — knowledge that results only after diligent and careful study. Here is a laborer, with an eighth grade education, unemployed, totally disabled (as found by the jury), who, in the years to come, will not have to again litigate the question of his disability because the efforts of his attorney established his total and permanent disability. It appears to me that in disapproving the allowance to Mr. Rummell for his attorneys' fee, the court is overemphasizing the purported lack of time expended by that attorney (though it does not appear in the record), and minimizing the results achieved.

It is admitted by the majority that none of the cases cited by either party affords a sufficient comparison to be controlling. The majority then states:

"we find nothing affording any satisfactory means by which the time and effort spent in preparation for trial can be measured with any degree of accuracy."

This simply means to me that the majority is taking an educated guess as to the amount to be awarded appellee for the attorneys' fee. I submit that this is hardly a sufficient basis to overturn the findings of the trial judge, who heard the case tried, heard the amount of fee argued, had every opportunity to observe the skill displayed and was thus in a much better position to determine, from the conduct of the trial, the time that had been spent in prepration.

I recognize that the amount of benefits to be drawn by Mr. Rummell is not definite, i.e., such is dependent on appellee living a sufficient length of time to draw the benefits that have been calculated, and this uncertainty perhaps could justify a reduction in the amount of the fee. However, it does not in my view, justify a 50% reduction and certainly I would not reduce the amount to less than $7,500.00. For the reasons set out herein, I respectfully dissent.

I am authorized to say HOLT, J. joins in this dissent.

CONLEY BYRD, Justice, dissenting. If we suppose that appellee's counsel spent one day in reading to bone up on his medical knowledge before taking the two doctors' depositions and that he took a half a day in taking each of the depositions, I don't see how he could have had more than four complete days of work in the handling of this one day trial. Furthermore, if we assume that approximately 45% of the fees which he collects, go to overhead, and that after vacations and holidays, counsel only works 154 days in a year, we are still figuring a reasonable compensation to counsel at a rate in excess of $100,000 per year. It looks to me that a gross income of $750.00 per day on this type of litigation should be adequate compensation. On the basis of what the record shows, I don't see how we can make an allowance in excess of $3,000 and that is rather liberal.

For the reasons stated I respectfully dissent.