Lela K. PHELPS, Administratrix of
the Estate of Lincoln D. Phelps *v.*
U.S. CREDIT LIFE INSURANCE COMPANY

99-936                                        10 S.W.3d 854

Supreme Court of Arkansas
Opinion delivered February 24, 2000

*Walters, Hamby & Verkamp,* by: *Bill Walters,* for appellant.

*Horne, Hollingsworth & Parker,* by: *Allan W. Horne* and *Mark H. Allison,* for appellee.

DONALD L. CORBIN, Justice. The sole issue in this case is whether the Sebastian County Chancery Court abused its discretion in setting the amount of attorney's fees awarded to Appellant Lela K. Phelps for her claim against Appellee U.S. Life Credit Life Insurance Company. This is the second appeal of this

matter. *See Phelps v. U.S. Life Credit Life Ins. Co.*, 336 Ark. 257, 984 S.W.2d 425 (1999) (*Phelps I*). Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(a)(7). We find no error and affirm.

Our decision in *Phelps I* reflects that Appellee's agent sold a credit life insurance policy to Lincoln Phelps, incident to his purchase of a pickup truck on November 4, 1994. Mr. Phelps died on September 13, 1996, while coverage of the policy was in force, from an acute myocardial infarction with a chronic condition of cardiac arrhythmia. Appellant, the widow of Mr. Phelps and the administratrix of his estate, filed a claim against Appellee, seeking payment of death benefits to the creditor-beneficiary, Ford Motor Credit Company. Appellee refused to pay the claim, contending that Mr. Phelps's application answers misrepresented his true health condition. Appellee asserted that had it known of Mr. Phelps's heart condition, it would not have issued the policy and was therefore entitled to rescind it. The chancellor granted Appellee's request for rescission and dismissed Appellant's complaint. This court reversed the chancellor's decision in *Phelps I*. On remand, the chancellor entered judgment in favor of Appellant, awarding her $12,699.98, plus interest of $2,075.42, and a penalty of $1,524.00. Additionally, the chancellor awarded attorney's fees in the amount of $5,433.13 plus $651.40 for the costs on appeal.

The record on remand reflects that Appellant sought attorney's fees in the amount of $11,812.50 for approximately 94.5 hours of work at $125.00 per hour. Appellant also sought fees in the amount of $1,250.00 for the costs to prepare and argue the postjudgment motion. The fee request was based on an itemization of tasks performed by Appellant's attorney, Bill Walters, as well as the affidavits of four local attorneys, which reflected that a reasonable hourly rate in the area was $150.00.

Appellee challenged the accuracy of Mr. Walters's estimation of time spent working on the case. Appellee also questioned the relevance of Appellant's affidavits, which were taken from another case and specifically referred to the difficulty of representing policyholders on fire insurance claims where they are suspected of arson. Appellee further urged the chancellor to consider the fact that under Ark. Code Ann. § 23-79-208 (Repl. 1999), the attorney's fee is not the property of the attorney, but is indemnity to the litigant. Thus, Appellee argued that the fee should be limited to the amount

that Appellant was obligated to pay her attorney. Appellee contended that the appropriate amount would be between thirty-three and forty percent of the judgment. In support of this contention, Appellee relied on a letter from Mr. Walters to the chancellor, which reflected in part that the case was taken on a contingency-fee basis. The chancellor agreed with Appellee and awarded a fee in the amount of one-third of the judgment and penalty awarded to Appellant.

This court has interpreted section 23-79-208 as providing that "[i]n the event an insurer wrongfully refuses to pay benefits under an insurance policy, the insured may recover the overdue benefits, twelve percent damages upon the amount of the loss, and reasonable attorneys' fees." *Northwestern Nat'l Life Ins. Co. v. Heslip*, 309 Ark. 319, 326-27, 832 S.W.2d 463, 467 (1992) (quoting *State Farm Fire & Cas. Co. v. Stockton*, 295 Ark. 560, 565, 750 S.W.2d 945, 948 (1988)). The following factors are relevant in determining reasonable fees: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Parker v. Southern Farm Bureau Cas. Ins. Co.*, 326 Ark. 1073, 935 S.W.2d 556 (1996); *Heslip*, 309 Ark. 319, 832 S.W.2d 463. While courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees. *See Shepherd v. State Auto Prop. & Cas. Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993); *Stockton*, 295 Ark. 560, 750 S.W.2d 945. Because of its intimate acquaintance with the record and the quality of the service rendered, we recognize the superior perspective of the trial court in assessing the applicable factors. *Id.* Thus, we will not set aside an award of attorney's fees absent an abuse of discretion by the trial court. *Id.*

Appellant argues that the chancellor abused his discretion in setting the amount of fees in this case. She asserts that the chancellor should have awarded fees in accordance with the total time Mr. Walters spent working on her case. We disagree. There

was no evidence of the actual amount of time spent preparing Appellant's case. Mr. Walters merely submitted a five-page itemization of particular tasks and the dates on which they were performed. There was no indication of the time spent on each of the tasks; rather, there was only an estimation of the total time spent performing all of the tasks. It is not known how Mr. Walters arrived at the figure of 94.5 hours. Moreover, according to his letter to the chancellor, Mr. Walters acknowledged that his office's records were not completely accurate, stating that "we had not kept this matter entirely timed during the work we were doing on it because of it being a contingency fee case." Thus, the total time allegedly spent on the case was merely an estimation arrived at after the fact. In any event, the time spent on a case is but one factor to consider, and we do not regard this argument as a persuasive reason to reverse the chancellor's judgment. *See Heslip*, 309 Ark. 319, 832 S.W.2d 463.

Furthermore, we reject Appellant's argument that the chancellor abused his discretion in "arbitrarily" setting a contingency fee in this case without explanation. Mr. Walters admitted in a letter to the chancellor that he had taken the case on a contingency-fee basis. The chancellor thus properly considered that factor in arriving at a reasonable fee. *See Parker*, 326 Ark. 1073, 935 S.W.2d 556; *Heslip*, 309 Ark. 319, 832 S.W.2d 463. Additionally, this court has recognized that the fee provided for in section 23-79-208 "is allowed only to reimburse an insurance policyholder or beneficiary for expenses incurred in enforcing the contract and to compensate him in engaging counsel thoroughly competent to protect his interests." *Equitable Life Assur. Society v. Rummell*, 257 Ark. 90, 91, 514 S.W.2d 224, 225 (1974). The fee is not the property of the attorney; instead, it is indemnity to the litigant. *Id.* Thus, the fee awarded should not exceed the amount that the client is responsible for paying, otherwise the statute would be susceptible to abuse. The purpose of the statute is not to provide a windfall to attorneys; rather, it is to permit the insured to obtain competent representation. *Id.* Accordingly, we cannot say that the chancellor abused his discretion in awarding attorney's fees in the amount of $5,433.13, plus costs of $651.40, on a total judgment of $16,299.40.

Affirmed.