# NEWCOURT FINANCIAL, INC. *v.*
# CANAL INSURANCE COMPANY

99–1249                                    17 S.W.3d 83

Supreme Court of Arkansas
Opinion delivered May 25, 2000

*Barrett & Deacon*, by: *D.P. Marshall Jr.* and *Jim D. Bradbury*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *Rebecca D. Hattabaugh*, for appellee.

PER CURIAM. Appellant Canal Insurance Company ("Canal") petitioned for review from a court of appeals decision remanding this case to the Crawford County Circuit Court for a determination of attorney's fees to be awarded to Appellee Newcourt Financial, Inc. ("Newcourt"), under Ark. Code Ann. § 23-79-208. We granted the petition pursuant to Arkansas Supreme Court Rule 1-2(e), and affirmed in part and reversed in part the case decided by the circuit court, remanding the matter to the circuit court for a determination of attorney's fees, costs, and penalties to be awarded pursuant to Ark. Code Ann. § 23-79-208 at the trial level. Newcourt now petitions this court for its attorney's fees and costs incurred in the appeal of this case.

Newcourt's petition for fees and costs on appeal first contains a summary of the appeal costs it incurred. These totals include $2,020.70 for the costs of the preparation of the five-volume record, the $100 filing fee, and $273 for the cost of the briefs on appeal. Under Ark. Sup. Ct. Rule 6-7(b), the party prevailing on appeal

may recover brief costs not to exceed $3 per page. Here, Newcourt's brief totaled ninety-one pages at a cost of $273. Rule 6-7(b) also allows a recovery of the filing fee of $100 and the cost of the preparation of the entire record. As such, Newcourt's petition for its costs totaling $2,393.70 is granted pursuant to our rules.

In addition, Newcourt petitions this court for its attorney's fees on appeal. Pursuant to Ark. Code Ann. § 23-79-208 and applicable case law, additional attorney's fees may be taxed on appeal. Here, Newcourt seeks $15,000 in fees and an additional $585.42 in expenses based on 135 hours expended by Newcourt's attorneys in the appeal. Canal counters the billing totals arguing that the fees and costs on appeal are composed of improper "block-billing" with overstaffing and unnecessary or excessive work. This court has recognized that the fee provided for in Ark. Code Ann. § 23-79-208 "is allowed only to reimburse an insurance policyholder or beneficiary for expenses incurred in enforcing the contract and to compensate him in engaging counsel thoroughly competent to protect his interests." *Phelps v. U.S. Credit Life Insurance Co.*, 340 Ark. 439, 443, 10 S.W.3d 854 (2000) (quoting *Equitable Life Assur. Society v. Rummell*, 257 Ark. 90, 91, 514 S.W.2d 224, 225 (1974)). The fee is not the property of the attorney; instead, it is indemnity to the litigant. *Id.* Thus, the fee awarded should not exceed the amount that the client is responsible for paying, otherwise the statute would be susceptible to abuse. The purpose of the statute is not to provide a windfall to attorneys; rather, it is to permit the insured to obtain competent representation. *Id.*

In deciding an award of attorney's fees on appeal under Ark. Code Ann. § 23-79-208, there is no fixed formula to be used in awarding attorney's fees. *Southall v. Farm Bureau Mut. Ins. Co.* of Ark., 283 Ark. 335, 676 S.W.2d 228 (1984). This court has interpreted Ark. Code Ann. § 23-79-208 as providing that "[i]n the event an insurer wrongfully refuses to pay benefits under an insurance policy, the insured may recover the overdue benefits, twelve percent (12%) damages upon the amount of the loss, and reasonable attorneys' fees." *Northwestern Nat'l Life Ins. Co. v. Heslip*, 309 Ark. 319, 326-27, 832 S.W.2d 463, 467 (1992) (quoting *State Farm Fire & Cas. Co. v. Stockton*, 295 Ark. 560, 565, 750 S.W.2d 945, 948 (1988)). The following factors are relevant in determining reasonable fees: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty

and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Parker v. Southern Farm Bureau Cas. Ins. Co.*, 326 Ark. 1073, 935 S.W.2d 556 (1996); *Heslip, supra; see also*, Arkansas Model Rules of Professional Conduct Rule 1.5. While courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees. *See Shepherd v. State Auto Prop. & Cas. Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993); *Stockton, supra; Parker, supra; Arkansas Blue Cross and Blue Shield v. Remagen*, 25 Ark. App. 96, 752 S.W.2d 284 (1988). In *Heslip*, this court affirmed a $19,500 fee on a $36,000 award pursuant to Ark. Code Ann. § 23-79-208. In *Old Republic Ins. Co. v. Alexander*, 245 Ark. 1029, 436 S.W.2d 829 (1969), this court upheld a $6,000 fee on a $51,000 recovery under Ark. Stat. Ann. § 66-3239, the predecessor to Ark. Code Ann. § 23-79-208.

While these cases for attorney's fees and costs under Ark. Code Ann. § 23-79-208 and its predecessor were decided based on the actions the attorneys took at trial and not on appeal, we think the same rules should apply in consideration of fees on appeal. As such, this court considers the fee bills submitted by Newcourt in light of the guidelines noted above. Here, Newcourt's attorneys submitted billing records indicating that two attorneys, James D. Bradbury, Newcourt's lead counsel, and D. P. Marshall Jr., an appellate attorney, worked substantially on the appeal of this case. While arguing that both attorneys were necessary in the appeal of the matter, Newcourt did reduce its overall appeal fee by $6,691 to eliminate any duplication of these attorneys' time in preparation of the appeal. The elimination of this duplicate time spent ultimately reduced the hours spent on appeal to 135 hours from 193 hours. We also award fees based upon our standard $75.00 per hour rate. Accordingly, we grant Newcourt's motion for attorney's fees, costs, and expenses on appeal and award to Newcourt $10,125 in fees and $585.42 in expenses.

Motion granted.