RUNNING M FARMS, INC. and S&K Company, Inc. *v.*
FARM BUREAU MUTUAL INSURANCE COMPANY
of ARKANSAS, INC.

07-212                                                    265 S.W.3d 740

Supreme Court of Arkansas
Opinion delivered October 25, 2007

*Crisp, Boyd & Poff & Burgess, LLP,* by: *Mark C. Burgess,* for appellants.

*Wright, Berry, Hughes & Moore,* by: *Rodney P. Moore,* for appellee.

Tom Glaze, Justice. This case is the third appeal arising from a lawsuit over a crop-hail insurance policy. *See Farm Bur. Mut. Ins. Co. v. Running M Farms,* 366 Ark. 480, 237 S.W.3d 32 (2006), and *Farm Bur. Mut. Ins. Co. v. Running M Farms,* 348 Ark. 313, 72 S.W.3d 502 (2002). At issue in the instant appeal is the trial court's award of attorney's fees to counsel for the appellants, Running M Farms and S&K Company, Inc. (collectively referred to as "Running M").

In March of 1997, Running M purchased crop-hail insurance from the appellee in this case, Farm Bureau Mutual Insurance Co. ("Farm Bureau"). In April of 1997, Running M's young wheat crop was badly damaged by a hail storm. However, when Running M filed a claim under its crop-hail policy with Farm Bureau, the insurance company initially denied coverage. After a reinspection of the crops, Farm Bureau offered to settle the matter for $6,900. Running M declined the offer and filed suit, alleging that Farm Bureau had breached its contract and caused damages in the amount of $124,000 to both farms. *See Farm Bur. Mut. Ins. Co. v. Running M Farms*, 348 Ark. 313, 72 S.W.3d 502 (2002) (*Running M I*).

Running M filed several amended complaints during the course of this litigation, adding various claims for extra-contractual damages, fraud, bad faith, and tortious interference with a business expectancy. The case was originally scheduled to go to trial on August 23, 1999, but after Farm Bureau filed a pleading entitled "Confession of Judgment," admitting liability under the insurance policy in the amount of $76,000, the matter was continued, and a new trial was scheduled for June of 2000. *Running M I*, 348 Ark. at 316, 72 S.W.3d at 504.

Farm Bureau subsequently filed a motion to withdraw its confession of judgment on the basis that the parties were in dispute regarding the effect of the confession and that it was not possible to avoid a trial. The trial court granted Farm Bureau's request, and the case proceeded to trial on June 22, 2000. The jury, however, was unable to reach a verdict, and the trial court declared a mistrial. Following the mistrial, Farm Bureau filed a motion for judgment notwithstanding the verdict. The trial court denied Farm Bureau's motion, and Farm Bureau appealed. *Running M I*, 348 Ark. at 316-17, 72 S.W.3d at 504-05. On appeal, however, this court determined that the trial court's denial of Farm Bureau's motion for JNOV was not a final, appealable order. *Id.* at 321-22, 72 S.W.3d at 508.

After the mistrial and the first appeal, Farm Bureau again confessed judgment of $76,500. *Farm Bureau Ins. Co. v. Running M Farms*, 366 Ark. 480, 484, 237 S.W.3d 32, 35 (2006) (*Running M II*). A second trial took place in 2004, and the jury, on special interrogatories, found in Running M's favor on both its contract and tort claims. The trial court awarded Running M the contract damages previously confessed by Farm Bureau, as well as the damages assessed by the jury on the tort claims. However, the

court declined to award Running M its attorney's fees or the statutory 12% penalty pursuant to Ark. Code Ann. § 23-79-208 (Repl. 2005). *Id.* at 484, 237 S.W.3d at 35-36.

Farm Bureau appealed, and this court reversed the jury's verdicts on Running M's tort claims. Running M also cross-appealed, arguing that the trial court erred in declining to award attorney's fees. This court agreed, holding that "the attorney's fee and penalty attaches if the insured is required to file suit, even though judgment is confessed before trial. A good faith denial of liability is no defense to the claim for attorney's fee and penalty." *Id.* at 495, 237 S.W.3d at 43 (citing *Equitable Life Assurance Society v. Gordy*, 228 Ark. 643, 647, 309 S.W.2d 330, 333 (1958)). Thus, this court held that Running M was entitled to the 12% penalty and reasonable attorney's fees, and we reversed and remanded for the circuit court to award a 12% penalty based on the confessed judgment for breach of contract and to determine reasonable attorney's fees. *Id.*

The case then returned to the circuit court, and the circuit court entered an order on February 5, 2007. In that order, the court noted that, on August 17, 1999, Farm Bureau confessed judgment on the plaintiffs' claim for contract damages. Pursuant to the confession of judgment, the court awarded Running M Farms judgment in the amount of $45,000 against Farm Bureau for contract damages; $16,800 for attorney's fees related to the contract claim; $5,400 for the 12% penalty pursuant to Ark. Code Ann. § 23-79-208; and prejudgment interest in the amount of $5,520.40 for the time period from August 1, 1997, until August 17, 1999, the date on which Farm Bureau confessed judgment. The court also awarded S&K Company $31,500 in contract damages; $11,760 in attorney's fees; $3,780 for the 12% penalty; and prejudgment interest of $3,864.28.

In awarding fees, the court, citing *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. 439, 10 S.W.3d 854 (2000), noted that the fee provided for in Ark. Code Ann. § 23-79-208 was allowed only to reimburse an insurance policyholder or beneficiary for expenses incurred in enforcing the contract and to compensate him in engaging counsel thoroughly competent to protect his interest. The court also noted that it was basing its decision as to a "reasonable" fee on the factors set out in *Phelps, supra.* Running M filed a timely notice of appeal, and now urges that the trial court erred in its award of attorney's fees.

In its first argument on appeal, Running M contends that the trial court erred in awarding attorney's fees based on a percentage of the plaintiffs' recovery, as opposed to an award based upon the number of hours worked by counsel and legal staff. Running M and its attorneys, the Texarkana law firm of Crisp, Jordan & Boyd, L.L.P., had a contingency fee agreement whereby counsel would receive anywhere from one-third to one-half of the amount recovered by the plaintiff, depending on whether the matter went to trial or not.

Our court has held that attorneys' fees are not allowed except where expressly provided for by statute. *Harris v. City of Fort Smith*, 366 Ark. 277, 234 S.W.3d 875 (2006); *Chrisco v. Sun Indus.*, 304 Ark. 227, 800 S.W.2d 717 (1990). An award of attorney's fees will not be set aside absent an abuse of discretion by the trial court. *Harris, supra*. Given the trial judge's close familiarity with the trial proceedings and the quality of service rendered by the prevailing party's counsel, appellate courts usually recognize the superior perspective of the trial judge in determining whether to award attorney's fees. *See FMC Corp. v. Helton*, 360 Ark. 465, 202 S.W.3d 490 (2005); *Chrisco, supra*.

Arkansas Code Annotated § 23-79-208(a)(1) (Repl. 2004) provides for attorney's fees in insurance cases as follows:

> In all cases in which loss occurs and the . . . insurance company . . . liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

This court has interpreted § 23-79-208 as providing that "[i]n the event an insurer wrongfully refuses to pay benefits under an insurance policy, the insured may recover the overdue benefits, twelve percent (12%) damages upon the amount of the loss, and reasonable attorneys' fees." *Phelps v. U.S. Credit Life Ins. Co.*, 340 Ark. at 442, 10 S.W.3d at 856 (quoting *Northwestern Nat'l Life Ins. Co. v. Heslip*, 309 Ark. 319, 326-27, 832 S.W.2d 463, 467 (1992)).

Moreover, our court has held that the reasonableness of the attorney's fee is determined by examining the following factors: (1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in

controversy and the result obtained in the case; (4) the novelty and difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Newcourt Financial v. Canal Ins. Co.*, 341 Ark. 452, 17 S.W.3d 83 (2000); *Southall v. Farm Bureau Mut. Ins. Co. of Ark.*, 283 Ark. 335, 676 S.W.2d 228 (1984). While courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees. *See Newcourt Financial, supra; Shepherd v. State Auto Prop. & Cas. Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993).

On appeal, Running M argues that the trial court erred in awarding fees on a contingency basis, citing *Equitable Life Assurance Society of the United States v. Rummell*, 257 Ark. 90, 514 S.W.2d 224 (1974), for the proposition that "reasonable attorney's fees" should not be contingent on the outcome of the case. Running M also cites *Fuller v. Hartford Life Insurance Co.*, 281 F.3d 704 (8th Cir. 2002) (interpreting Ark. Code Ann. § 23-79-208), in which the Eighth Circuit awarded attorney's fees totaling $125,000 on a plaintiff's award of $500,000. The attorney in *Fuller* had submitted two affidavits: the first one set out an hourly rate of $350 for an estimated 250-300 hours worked on the case, plus additional hours by an associate attorney and a paralegal; the second affidavit set forth the contingent fee agreement whereby the expected fee would be one-third of the $500,000 insurance policy limits. The Eighth Circuit affirmed the district court's award of $125,000 (although it noted the award was "very generous"), concluding that the trial court had properly taken into account the appropriate factors to consider in determining the reasonableness of the attorney's fees pursuant to § 23-79-208. *Fuller*, 281 F.3d at 708-09 (citing *Shepherd v. State Auto Prop. & Cas. Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993)). Running M urges that, based on the *Fuller* case, even where there might be a fixed contingency fee agreement, the court should still consider all eight factors when determining a reasonable attorney's fee.

As mentioned above, Running M and its counsel had a contingency-fee agreement for attorney's fees. On appeal, Running M further asserts that the trial court effectively viewed that contingency-fee contract as an "absolute ceiling on the attorney's fees to be awarded." Here, it cites *Blanchard v. Bergeron*, 489 U.S. 87

(1989), in which the Supreme Court held that the existence of a contingency-fee agreement should not serve as a cap on reasonable attorney's fees. However, *Blanchard* involved a suit brought pursuant to 42 U.S.C. § 1983. The central theme of the Court's opinion was that civil-rights cases frequently involve non-monetary compensation, and to limit attorney's fees solely to a percentage of the monetary awards recovered might put undue pressure on counsel to pursue money damages and to forego "important civil and constitutional rights that cannot be valued solely in monetary terms." *Blanchard*, 489 U.S. at 95.

The policy concerns that are present in a civil-rights action are simply not present in a case such as the one at hand. Thus, Running M's reliance on this and other civil-rights cases is inapposite. Contrary to the Supreme Court's reluctance to impose a cap in civil-rights cases, this court has held that, in insurance cases involving § 23-79-208, "the fee awarded should not exceed the amount that the client is responsible for paying, otherwise the statute would be susceptible to abuse." *Phelps*, 340 Ark. at 443, 10 S.W.3d at 857. While our court has stated that the existence of a contingency fee is but one of the factors for the trial court to consider, *see id.*, there is no indication in the trial court's decision that the existence of the contingency-fee agreement dominated over the other factors or that the court viewed the contingency-fee agreement as a "cap" on the amount it could award. Indeed, the court explicitly stated that it found the fee awarded to be reasonable based on a consideration of *all* of the eight factors.

■ Other than the number of hours worked on the case, Running M does not specifically point to any other factor that it claims would support a larger attorney's fee. However, among the factors to consider are the time required to perform the service properly, as well as the amount in controversy and the result obtained in the case. We note that the only issue on which Running M ultimately prevailed was the contract damages. Running M was awarded $76,500 in contract damages — the same amount for which Farm Bureau confessed judgment. Had Running M accepted this confession of judgment and settlement, it would have avoided much of the time and expense involved in this case. While we certainly understand that many factors must have gone into counsel's decision to pursue the matter through multiple trials and appeals, we nonetheless cannot say that the trial court abused its discretion in its determination of what constituted a "reasonable" attorney's fee.

In its second point on appeal, Running M argues that, assuming the trial court based its award of attorney's fees on the existence of the contingency-fee agreement, then the court erred in only awarding one-third of the recovery in attorney's fees. Running M points to the fee agreement, which provides that, in the event the matter is not settled until after the completion of a trial, counsel would be entitled to receive fifty percent of the amount recovered. Because this case went to trial twice, Running M argues that it is entitled to a fifty-percent attorney's fee.

However, as noted above, there is nothing in the trial court's order that indicates that the court was guided solely by the contingency-fee agreement. Instead, the court determined that the amount of the attorney's fee was reasonable based on all eight of the factors enumerated by this court in countless cases. Because the trial court did not award the attorney's fee on the basis of the contingency-fee contract, there is no merit to Running M's contention that it should have been awarded the fifty-percent fee provided for in the agreement.

Finally, Running M argues that the trial court erred in its calculation of prejudgment interest. The trial court awarded prejudgment interest for the time period from August 1, 1997, until August 17, 1999, the date on which Farm Bureau first confessed judgment. On appeal, however, Running M argues that the trial court should have awarded additional prejudgment interest for the time from June 11, 2000, until January 22, 2004, which represents the time from the date on which the trial court allowed Farm Bureau to withdraw its confession of judgment until the date on which the confession of judgment was reinstated following the remand after the first appeal. Running M argues that it is entitled to this additional amount of prejudgment interest because it did not concede to Farm Bureau's withdrawal of its confession of judgment, and therefore did not waive its claim for these additional prejudgment interest amounts.

Prejudgment interest is compensation for recoverable damages wrongfully withheld from the time of the loss until judgment. *Reynolds Health Care Servs., Inc. v. HMNH, Inc.*, 364 Ark. 168, 217 S.W.3d 797 (2005); *Perkins v. Cedar Mountain Sewer Improvement District*, 360 Ark. 50, 199 S.W.3d 667 (2004). Thus, in determining whether Running M is entitled to the additional prejudgment interest it claims, the first question to be addressed is whether it was entitled to recover damages that were "wrongfully withheld" from the time of the loss until judgment. *See Reynolds Health Care, supra.*

Here, the trial court found that, based on Farm Bureau's confession of judgment, the insurer owed Running M the $76,500 that it confessed. However, the question is whether, in withdrawing its confession of judgment, Farm Bureau "wrongfully withheld" those monies.

Farm Bureau's motion to withdraw its confession appears neither in the record nor in the Addendum before us. Therefore, it is unclear why the insurer withdrew its confession of judgment. The only mention of Farm Bureau's reasons is found in *Running M I*, where this court noted that Farm Bureau "subsequently filed a motion to withdraw its confession of judgment on the basis that the parties were in dispute regarding the effect of the confession and that it was not possible to avoid a trial." *Running M I*, 348 Ark. at 316-17, 72 S.W.3d at 504-05.

In its brief, Running M offers no proof or argument that Farm Bureau's withdrawal of its confession of judgment was wrongful; it asserts only that it "did not concede to the withdrawal of the confession of judgment." Moreover, it cites to no authority that would support this court's drawing of an inference that the withdrawal was in any way wrongful. It is a well-settled principle of appellate law that we will not make a party's argument for him. *See Kinchen v. Wilkins*, 367 Ark. 71, 238 S.W.3d 94 (2006); *Arkansas Dep't of Human Servs. v. Schroder*, 353 Ark. 885, 122 S.W.3d 10 (2003). Accordingly, we conclude that Running M is not entitled to reversal on this issue.

Affirmed.