# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2070
_____

Donnie Cooper

*Plaintiff - Appellant*

v.

General American Life Insurance Company

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro
_____

Submitted: March 16, 2016
Filed: June 28, 2016
_____

Before WOLLMAN, BENTON, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Donnie Cooper appeals the district court's[1] grant of General American Life Insurance Company's ("General American") motion for summary judgment and denial of Cooper's request to alter and amend or correct the judgment. We affirm.

_____

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

I.

Cooper purchased an annuity from General American on August 2, 2012, by transferring $144,818.27 to General American from his account with the Arkansas Teacher Retirement System ("ARTRS"). ARTRS sent General American the corresponding treasury warrant in that amount. Cooper began receiving statements from General American indicating that his annuity was funded and accruing interest. On May 6, 2013, ARTRS notified General American that the warrant had never cleared, so General American reversed the transaction. Cooper's June 2013 statement from General American showed that the transaction had been reversed. Cooper called General American to find out why this had occurred, and General American offered to restore his annuity policy with interest under the condition that a hold would be placed on the account until a replacement warrant was received and cleared. On June, 17, 2013, ARTRS faxed General American the form necessary to obtain a replacement warrant. General American returned the completed form on July 12, 2013. On July 24, 2013, General American received the replacement warrant and finalized the restoration of Cooper's account with interest, accruing from August 2, 2012.

In the meantime, Cooper hired an attorney who filed this action on July 23, 2013, seeking interest, a 12% penalty under Ark. Code Ann. § 23-79-208, and attorney's fees under Ark. Code Ann. §§ 23-79-208 or 23-79-209. In Cooper's Reply in Opposition to Defendant's Response to Plaintiff's Motion for Summary Judgment ("Reply in Opposition"), Cooper for the first time suggested that if §§ 23-79-208 and 209 were not applicable, he should be awarded attorney's fees under Ark. Code Ann. § 16-22-308, which provides for discretionary fees in breach of contract actions. The district court determined that §§ 23-79-208 and 209 did not apply in this case, that Cooper's argument for discretionary breach of contract attorney's fees under § 16-22-308 was not timely made, and that Cooper had not asserted a breach of contract claim. The district court entered judgment dismissing Cooper's complaint. Cooper filed a

motion requesting that the district court alter and amend or correct its judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60, but the court denied his motion.

## II.

"We review a grant of summary judgment de novo." Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005). We review the district court's denial of a motion to alter and amend or correct judgment for an abuse of discretion. Briscoe v. Cnty. of St. Louis, Mo., 690 F.3d 1004, 1015 (8th Cir. 2012) (stating the standard of review for a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)); Murphy v. Mo. Dept. of Corrs., 506 F.3d 1111, 1117 (8th Cir. 2007) (stating the standard of review for denial of relief under Fed. R. Civ. P. 60(b)).

Section 23-79-208 is "highly penal in nature and is to be strictly construed." McKee v. Federal Kemper Life Assur. Co., 927 F.2d 326, 328 (8th Cir. 1991) (quoting Callum v. Farmers Union Mut. Ins. Co., 508 S.W.2d 316, 319 (Ark. 1974)). It states:

> (a)(1) In all cases in which loss occurs and the . . . insurance company . . . liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy . . . in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

Accordingly, § 23-79-208 provides "in the event an insurer wrongly refuses to pay benefits under an insurance policy, the insured may recover the overdue benefits, twelve percent (12%) damages upon the amount of the loss, and reasonable attorneys' fees." Running M Farms, Inc. v. Farm Bureau Mut. Ins. Co. of Ark., Inc., 265 S.W.3d 740, 743 (Ark. 2007) (quoting Phelps v. U.S. Credit Life Ins. Co., 10 S.W.3d 854,

856 (Ark. 2000)). "The penalty and attorneys' fees [are] for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it." State Farm Fire & Cas. Co. v. Andrews, 210 S.W.3d 896, 903 (Ark. 2005) (internal quotation omitted). Section 23-79-208(a)(1) confirms this by stating that fees are only available where the insurer "fail[s] to pay the losses within the time specified in the policy." And § 23-79-209 provides:

> (a) In all suits in which the judgment or decree of a court is against a life, property, accident and health, or liability insurance company, either in a suit by it to cancel or lapse a policy . . . or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorney's fees for the defense or prosecution of the suit, as the case may be.

Thus, one situation where the statute applies is where a party is seeking declaratory judgment to "determine the obligations of the insurer under a policy of insurance." S. Farm Bureau Cas. Ins. Co. v. Watkins, 386 S.W.3d 6, 10 (Ark. Ct. App. 2011). In summary, the cases applying §§ 23-79-208 and 209 involve insurers' contractual promises to pay benefits under policies of insurance when specified losses occur. See, e.g., Running M Farms, Inc., 265 S.W.3d at 743; State Farm Fire, 210 S.W.3d at 903.

Under the terms of Cooper's annuity, General American promised to make periodic payments to Cooper at agreed upon dates. Cooper does not allege that General American failed to make payments or otherwise failed to fulfill an obligation under the terms of the annuity, nor does this action arise from a declaratory judgment action or an effort by General American to cancel or lapse the policy. Accordingly, we conclude that Cooper did not suffer a "loss" covered by either section and the

-4-

district court was correct that neither a 12% penalty nor attorney's fees are owing by American General under §§ 23-79-208 or 23-79-209.

Cooper argues that if his claims are not cognizable under §§ 23-79-208 or 209, he should have been awarded discretionary attorney's fees under § 16-22-308, a claim which Cooper raised for the first time in his Reply in Opposition. See § 16-22-308 ("In any civil action to recover on . . . [a] breach of contract, . . . the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."). However, because Cooper did not bring a contract claim in a pleading or point to any specific contractual provision that the defendant failed to perform, and first mentioned the possibility of a breach of contract claim in his Reply in Opposition, the court did not err in finding Cooper was not entitled to an award of attorney's fees under § 16-22-308. See Fed. R. Civ. P. 7(a) (limiting pleadings to: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.").

Cooper also argues that Federal Rule of Civil Procedure 54(c) requires an award of attorney's fees. Baker v. John Morrell & Co., 382 F.3d 816, 831 (8th Cir. 2004) ("[E]xcept in cases of judgment by default, 'every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.'" (quoting Fed. R. Civ. P. 54(c)[2])). Rule 54(c) has limits, and "a party will not be given relief not specified in

---

[2]In 2007, the language of Rule 54(c) was amended as a part of the general restyling of the Rules of Civil Procedure. "These changes [were] intended to be stylistic only." Fed. R. Civ. P. 54 advisory committee's note (discussing 2007 amendments). Rule 54(c) currently states, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

its complaint where the failure to ask for particular relief so prejudiced the opposing party that it would be unjust to grant such relief." Baker, 382 F.3d at 831 (internal quotation omitted). Here, where Cooper's failure to plead denied General American the opportunity to defend against a breach of contract claim and make a realistic appraisal of the case upon which it could base settlement and litigation strategy, it was proper for the court to deny Cooper's request for Rule 54(c) relief. See id. at 831-32. The district court did not abuse its discretion in denying attorney's fees in this case.

III.

We affirm the district court's judgment in its entirety.

_____