

# ARKANSAS COURT OF APPEALS

DIVISION II
No.  CV–15–755

| | |
|---|---|
| CLARRY FOSTER<br>APPELLANT | **Opinion Delivered** February 1, 2017 |
| V. | APPEAL FROM THE SHARP COUNTY CIRCUIT COURT [NO. PR–11–119] |
| ESTATE OF DELETA E. COLLINS, ALPHALEDA VAUGHN, KENNETH VAUGHN, BARRY WILKINSON, BEVERLY WILKINSON, BARBARA POORMAN, LARRY COLLINS, BARBARA COLLINS, AND TERA WINELAND | HONORABLE PHILIP SMITH, JUDGE |
| APPELLEES | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Clarry Foster brings this appeal from an order of the probate division of the Sharp County Circuit Court dismissing her claims on the basis of laches. We previously ordered that the record be settled and supplemented and that a supplemental abstract, brief, and addendum be filed. *Foster v. Estate of Collins*, 2016 Ark. App. 302 (*Foster I*). Foster has satisfactorily addressed the deficiencies specified in that opinion. We therefore turn to the merits of her argument, and we affirm.

We set forth the factual and procedural history of this case in detail in our previous opinion, and we need not do so again here. In brief, however, Foster was injured in an automobile accident in 1957; at that time, her father was appointed her guardian and entered

into a settlement on her behalf. Foster alleged that her father used the proceeds of that settlement to pay off the family farm, and when the farm was sold some years later, those proceeds were used to fund two certificates of deposit (CDs) that were placed in the name of Foster's mother, Deleta Collins.

Foster alleged in her later-filed complaint that, after her father died in 1990, her siblings, including appellees Alphaleda Vaughn and Larry Collins, obtained the CDs by fraud, duress, undue influence, and breach of fiduciary duty. Contending that the CDs had been funded by the proceeds of her 1957 settlement, Foster requested that the circuit court impose a constructive trust by operation of law. After numerous proceedings, the circuit court eventually dismissed Foster's action on the basis of laches, reasoning that any claim arising from the alleged misappropriation of funds in the 1950s was barred.[1]

On appeal, Foster argues that the circuit court's dismissal of her claims on the grounds of laches was in error. The issue of laches is one of fact. *Royal Oaks Vista, L.L.C. v. Maddox*, 372 Ark. 119, 124, 271 S.W.3d 479, 483 (2008). A reviewing court does not reverse the circuit court's decision on a question of fact unless it is clearly erroneous. *Id.* (citing Ark. R. Civ. P. 52(a)).

---

[1] The supplemental record and addendum that were filed following our opinion in *Foster I* revealed that the proceedings below originated as a complaint filed by Deleta Collins against several of her children in the small-claims division of the Sharp County District Court. After having judgment entered against her there, Collins appealed to the Sharp County Circuit Court. Following Collins's death in 2011, the proceedings were consolidated by agreement of the parties in the probate division of the Sharp County Circuit Court.

We must affirm the circuit court's decision. Foster's brief is lengthy and somewhat confusing. She begins by reciting the facts of the case and its procedural background, and she addresses the deficiencies that we pointed out in *Foster I*, explaining why certain matters were omitted from the record and addendum. She then summarizes the deposition testimony that was introduced in this case as well as the arguments that were made before the circuit court.

She next provides us with a section entitled "Law." Here, she begins with a citation to the statutory rule against perpetuities.[2] Foster suggests that her "interest was created in 1957 with the trust created from her settlement proceeds from her accident." Aside from citing the statute, however, she makes no compelling argument as to how this statute compels reversal; moreover, the circuit court's order did not rule on her rule-against-perpetuities argument. The issue is therefore not preserved for our review. *See Black v. Duffie*, 2016 Ark. App. 584, at 33 (noting that, in order to preserve an issue for appellate review, an appellant is obligated to obtain a specific ruling on it from the circuit court).

Next, Foster cites two cases for the proposition that the doctrine of laches is applicable only where equitable relief is sought and that it is "not applicable to actions for . . . the recovery of money or property fraudulently obtained." *Warford v. Union Bank of Benton*, 2010 Ark. App. 635, at 5, 378 S.W.3d 239, 243; *see also Anadarko Petroleum v. Venable*, 312 Ark. 330, 850 S.W.2d 302 (1993). She does not go on to analyze how these cases are applicable

_____

[2] This statute, Arkansas Code Annotated section 18-3-101(a)(2) (Repl. 2015), provides that a nonvested property interest is invalid unless, when the interest is created, it is certain to vest or terminate no later than twenty-one years after the death of an individual then alive.

to her situation. That failure, however, is immaterial, because Foster never raised this specific argument below. It is therefore not preserved for appellate review. *See Young v. Welch*, 2016 Ark. App. 614, at 3.

Foster then provides a series of numbered sections titled (1) "Principal and Agent—Power of Attorney—Fiduciary Duty," (2) "Constructive Trust," (3) "Unjust Enrichment," (4) "Confidential Relation," and (5) "Undue Influence." These sections consist of block quotes from caselaw. She concludes this portion of her brief with conclusory statements that her siblings owed a fiduciary relationship to their mother, that her father committed fraud when he converted her settlement in the late 1950s, and that her siblings committed fraud when they converted Collins's CDs. Foster makes no cogent legal argument as to why any of these allegations should cause us to conclude that the circuit court's findings regarding laches were erroneous. It is a well-settled principle of appellate law that we will not make a party's argument for him or her. *Running M Farms, Inc. v. Farm Bureau Mut. Ins. Co. of Ark.*, 371 Ark. 308, 316, 265 S.W.3d 740, 745 (2007); *Kinchen v. Wilkins*, 367 Ark. 71, 238 S.W.3d 94 (2006); *Ark. Dep't of Human Servs. v. Schroder*, 353 Ark. 885, 122 S.W.3d 10 (2003).

Finally, Foster concludes with two short paragraphs with no citation to authority. She suggests that "if this court denies [her] claim for an implied or constructive trust, [she] claims the CDs in the amount of $62,000 belong to the estate of Deleta Collins," and "Alphaleda Vaughn, as administrator or personal representative, has a duty to account for the assets of the decedent while she, Vaughn, held a fiduciary position with her, including the rent for

the mobile home she charged [Collins] for 20 years which was purchased with [Collins's] money." This court "generally decline[s] to consider points that are incomprehensible and lacking in convincing authority or argument. *Watkins v. Paragould Light & Water Comm'n*, 2016 Ark. App. 432, at 8, ___ S.W.3d ___, ___ (citing *Howard v. Adams*, 2016 Ark. App. 222, 490 S.W.3d 678). We therefore decline to address these final undeveloped issues that Foster raises on appeal.

Affirmed.

HARRISON and KLAPPENBACH, JJ., agree.

*Larry J. Steele PLC*, by: *Larry J. Steele*, for appellant.

No response.