Phillip T. Whiteaker, Judge, concurring in part and dissenting in part.
I agree with the majority that there was insufficient evidence to revoke appellant *545 David Caldwell's suspended imposition of sentence (SIS) based on a finding that he committed the offense of second-degree battery on a law-enforcement officer. I likewise agree with the majority that there was no confrontation-clause violation in this case. I must respectfully dissent, however, because the majority has decided to affirm this case based on an argument never advanced by any party either below or on appeal.
It may be true, as the majority states, that the law is well settled that although the evidence in a revocation proceeding may be insufficient to sustain an allegation that one committed a specific offense, revocation can be affirmed if the evidence establishes the commission of a lesser-included offense. It is also a well-settled principle of appellate law, however, that we will not make a party's argument for him. See Running M Farms, Inc. v.Farm Bureau Mut. Ins. Co. of Ark. , 371 Ark. 308, 265 S.W.3d 740 (2007) ; Kinchen v. Wilkins , 367 Ark. 71, 238 S.W.3d 94 (2006) ; Ark. Dep't of Human Servs. v. Schroder , 353 Ark. 885, 122 S.W.3d 10 (2003). The State never asked the circuit court to revoke Caldwell's SIS on this principle; moreover, the State never invited this court to affirm on this alternative basis. I simply do not believe we should do so. As noted above, the majority correctly holds that there was insufficient evidence that Caldwell committed the offense that was charged in the State's petition to revoke. I would therefore reverse and dismiss.
Hixson, J., joins.